**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| THOMAS T. TUCKER,<br><br>       Plaintiff,<br><br>    v.<br><br>L. DOUG HOGAN et al.,<br><br>       Defendants. | Case No. 2:08-CV-1003 TS<br><br>District Judge Ted Stewart<br><br>**MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Magistrate Judge Brooke Wells |

Plaintiff, Thomas T. Tucker, an inmate at the Utah State Prison, filed this *pro se* civil rights suit.  See 42 U.S.C.S. § 1983 (2009).  Plaintiff was granted leave to proceed *in forma pauperis*.  See 28 *id.* § 1915.  Plaintiff's Amended Complaint is now before the Court for screening.  See *id.* § 1915(e).

### I. Screening Analysis

### A. Standard of Review

A court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  See *id.* § 1915(e)(2)(B)  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id. at 1110.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Amended Complaint alleges claims against L. Doug Hogan, his public defender; Gary K. Searle, the prosecutor in his criminal case; and County of Tooele. He primarily contests the failure of Defendants to observe his plea agreement in sentencing.

**C. Improper Defendants**

To establish a cause of action under section 1983, a plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

      i. L. Doug Hogan, Public Defender

The Amended Complaint names L. Doug Hogan as a defendant based on his role as Plaintiff's public defender. "However, the Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)). Further, Plaintiff's claims of ineffective assistance of counsel should be brought either on direct appeal in his criminal case or on habeas

corpus review.  Thus, Plaintiff's claims against Defendant Hogan may not proceed here.

### ii. Gary K. Searle, Prosecutor

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).  Absolute immunity does not extend to actions that are primarily investigative or administrative in nature, unless those acts are "'necessary so that a prosecutor may fulfill his function as an officer of the court.'"  *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990)).  Searle's acts, as alleged by Plaintiff, do not have to do with investigative or administrative matters, but directly relate to his advocacy at Plaintiff's sentencing.  Searle is therefore entitled to absolute prosecutorial immunity from this lawsuit.

### iii. County of Tooele

Plaintiff names the County of Tooele as a defendant but does not specify a cause of action under which he proposes to proceed. To establish the liability of municipal entities, such as Tooele County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citations omitted).

Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. See [Cannon v. City and County of Denver, 998 F.2d 867, 877 (10th Cir. 1993)](.); *see also* [Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)](.).

Plaintiff has not established a direct causal link between his alleged injuries and any custom or policy of Tooele County. Thus, the Court concludes that Plaintiff's Complaint, as it stands, appears to fail to state a claim against Tooele County.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **dismissed** without prejudice under [28 U.S.C. § 1915(e)(2)(B)](.) for failure to state a claim on which relief can be granted; and,

(2) Plaintiff may file an amended complaint in accordance with this order within **thirty days**; failure to do so will result in this case being dismissed in its entirety.

DATED this 11th day of May, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge